FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2014 NOV -3 PM 1:53

JACKSONVILLE, FLORIDA

JULIE CISSON, on behalf of herself
and all others similarly situated,

    Plaintiff,

CASE NO: 3:14-CV-1347-J-39PDB

vs.

CLASS ACTION COMPLAINT

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff brings this action for damages and injunctive relief based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 USC § 1692 *et seq.*

## PARTIES AND JURISDICTION

2. Venue is proper in Duval County because the acts and transactions relating to the named Plaintiff occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff is a natural person who resides in Duval County, Florida. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

4. Defendant Ocwen Loan Servicing, LLC ("Ocwen") is a Delaware corporation authorized to conduct business in the State of Florida. Ocwen is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. This Court has jurisdiction over this case pursuant to the FDCPA, 15 USC § 1692k(d), 28 USC § 1331, and 28 USC § 1367.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation to Bank of America that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5). Specifically, this debt was related to a mortgage on Plaintiff's home.

7. After the mortgage went into default, Bank of America assigned the debt to Ocwen.

8. Once the debt was assigned to Ocwen, its representatives contacted Plaintiff for the purpose of collecting a debt.

9. On Monday, September 8, 2014, Ocwen called Plaintiff and left a voicemail that stated:

> Hi this is [unintelligible] calling from Ocwen Loan Servicing. I am sorry we were unable to reach you today. Please call us back at 1-800-746-2936 [unintelligible] option 2 and then option 4 to speak with me or any other available representative. Thank you and have a great day.

10. Section 1692e(11) of the FDCPA makes it a violation for a debt collector, such as Ocwen, to fail to disclose that it is a debt collector in communications with a consumer. Additionally, the Eleventh Circuit, in *Edwards v. Niagara Credit Solutions, Inc.*, 584 F. 3d 1350 (11th Cir. 2009), has clearly held that failing to comply with this requirement is actionable under the FDCPA.

## CLASS ALLEGATIONS

11. Plaintiff brings this lawsuit as a class action. Plaintiff tentatively defines the class as all persons in the State of Florida who, during the one year period prior to the filing of this Complaint, received calls or voicemails from Ocwen that failed to identify that Ocwen was a debt collector. Plaintiff may refine the class definition in light of discovery.

12. The FDCPA class consists of (i) all persons with a Florida address or Florida telephone numbers that where placed for collection with Ocwen after their loan defaulted; (ii) that have received calls or voicemails from Ocwen that failed to identify that Ocwen was a debt collector or attempting to collect a debt; and (iii) within one year prior to the filing of this Complaint.

13. A class is the most efficient and beneficial manner of resolving this dispute as, upon information and belief, it is impractical for each member to bring a separate action.

14. There are questions of law and fact common to each class, which common issues predominate over any issues involving only individual class members. The principle and common issue is whether Defendant's calls and/or voicemails failing to identify themselves as debt collectors violate the FDCPA.

15. There are no individual questions, other than whether the class member received a call or voicemail from Ocwen that failed to identify Ocwen as a debt collector. This issue can be resolved by Defendant's records and discussions with the class members.

16. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to vigorously litigating this matter. She is greatly annoyed at being the victim of continued improper, harassing and illegal collection efforts by Ocwen. Neither Plaintiff nor her counsel have any interests which might cause them to not vigorously pursue this claim.

17. Plaintiff's claim is typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

18. A class action is the superior method for the fair and efficient adjudication of this controversy. Most consumers who received calls or voicemails similar to the one Plaintiff received have no idea their rights are being violated by illegal collection practices. The interest

of class members in individually controlling the prosecution of separate claims against Ocwen is small because the maximum damages in an individual action are $1,000. Management of the class claim is likely to present significantly fewer difficulties than those presented in many class claims, such as securities fraud.

19. Certification of each class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is appropriate because:

(a) Questions of law and fact common to the members of each class predominate over any questions affecting an individual member;

(b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Certification of each class under Rule 23(b)(2) of the Federal Rules of Civil Procedure also is appropriate because Defendant has acted on grounds generally applicable to each class, thereby making declaratory and injunctive relief appropriate with respect to each class as a whole.

21. Plaintiff requests certification of a hybrid class action, combining elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

22. All conditions precedent to the institution, maintenance and resolution of this action have occurred or been waived by Defendant's conduct.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

23. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 22 as if set forth fully herein.

24. Defendant violated 15 USC § 1692e(11) by failing to disclose that its communication with Plaintiff (and other class members) was a communication from a debt collector.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant (i) for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff and all others similarly situated; (ii) for an award of statutory damages of $1,000.00 per violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff and all others similarly situated; (iii) for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff and all others similarly situated; and (iv) for such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 3, 2014            **ERIC C. ROBERSON, P.A.**

By: /s/ Eric C. Roberson
Eric C. Roberson
Florida Bar No. 0014649
2064 Park St.
Jacksonville, FL 32204
(904) 404-8800
(904) 517-8387 (fax)
eric@robersonlawjax.com

*Attorneys and Trial Counsel for Plaintiff*